UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  
Michael Edward Turner  
    Debtor.

Chapter 13 No. 16-54310

Hon. Maria L. Oxholm

_____/

### STIPULATION FOR ENTRY OF ORDER RESOLVING CREDITOR, DITECH FINANCIAL LLC'S OBJECTIONS TO CONFIRMATION AND RESOLVING THE EVIDENTIARY HEARING SCHEDULED FOR APRIL 11, 2017

NOW COMES Creditor, Ditech Financial LLC, by and through its attorneys Trott Law, P.C., with respect to the property located at 13288 Dwyer St., Hamtramck, MI 48212-2560, along with the Debtor(s), by and through their attorney:

IT IS HEREBY STIPULATED TO THE ENTRY OF AN ORDER WITH THE FOLLOWING TERMS:

1. Upon successful completion of the Debtor's Chapter 13 Plan and receipt of a Chapter 13 order of discharge under 11 U.S.C. §1328(a), the Mortgage, held by Ditech Financial LLC, dated November 3, 2005, and in the face amount of $57,000.00 on the Debtor's property commonly known as 13288 Dwyer St., Hamtramck, MI 48212-2560 that is recorded in Liber 43939, Page 1521 on December 9, 2005, with the Wayne County Register of Deeds shall be extinguished, terminated, and discharged.

   The legal description of the property the Mortgage encumbers is as follows:

   Situated in the City of Detroit, Wayne County, Michigan, described as: North 8 feet of Lot 26 and all of Lot 27, A. Meyers and Son Subdivision, according to the plat thereof as recorded in Liber 56, page(s) 83, of Plats, Wayne County Records.

2. That the Order Confirming Plan shall provide:

   a. That Creditor's claim will be treated as an allowed secured claim in the amount of $17,500.00 with 5.000% interest paid over 36 months,. The remaining balance of Creditor's claim shall be treated as an allowed unsecured claim in the amount listed on the Creditor's Proof of Claim;

   b. Unsecured Creditors shall receive a dividend of the funds to be available for Class 9 General Unsecured Creditors;

3. That in the event that the Debtor(s) refinance the loan(s) on the subject property, or sells the subject property, prior to the completion of the Chapter 13 case and receipt of a Chapter 13 order of discharge under 11 U.S.C. §1328(a), pursuant to § 11 U.S.C. §1325(a)(5)(B), the Debtor shall pay the entire balance due on the mortgage in full at closing.

TROTT LAW, P.C.
31440 NORTHWESTERN HIGHWAY, SUITE 200
FARMINGTON HILLS, MI 48334-5422
PHONE 248.642.2515
FACSIMILE 248.642.3628

TROTT LAW, P.C.
31440 NORTHWESTERN
HIGHWAY, SUITE 200
FARMINGTON HILLS, MI
48334-5422
PHONE 248.642.2515
FACSIMILE 248.642.3628

4. That in the event that the property is destroyed or damaged, that pursuant to the mortgage, Creditor is entitled to its full rights as a loss payee with respect to the insurance proceeds and has a security interest in such proceeds up to the entire balance due on the mortgage.

5. That in the event that the case is converted, the automatic stay is terminated, or the case is dismissed before completion of the plan and receipt of a Chapter 13 order of discharge under 11 U.S.C. §1328(a), pursuant to 11 U.S.C. §348(f)(1)(C) and 11 U.S.C. §349 Creditor retains its security interest until the full amount of the claim as determined under applicable non-bankruptcy law is paid in full.

6. Upon confirmation of the case, the loan will become non-escrowed and the Debtor(s) will hereby responsible for the payment of all taxes and insurance with respect the loan.

7. Upon confirmation, Creditor will no longer make any monthly insurance premium payments.

8. In the event that the Debtor(s) fails to maintain taxes or insurance during the life of the case, and Creditor is forced to advance funds on the Debtor's behalf, any advances, and any associated attorneys fees and costs attributable to the Debtor's default or failures shall not be subject to cram down treatment and shall be fully recoverable from the Debtor(s). Creditor may file a supplemental proof of claim for these advances and that claim shall be treated as fully secured and paid in full. As of April 7, 2017, Creditor has disbursed post petition amounts of $727.84 for Detroit City Taxes, as well as six monthly insurance payments, for which Creditor may file a supplemental proof of claim.

9. That in the event the Creditor, its successors or assigns, fails to execute and record documents that are required to release the Mortgage after successful completion of this Chapter 13 case, then Debtor(s) may record the Order entered pursuant to this stipulation along with the Order of Chapter 13 Discharge.

10. The Evidentiary Hearing currently scheduled to be heard April 11, 2017 at 10:00 a.m. is hereby resolved and removed from the Court's docket.

**Approved as to form and content:**

_P54930_
~~William R. Orlow (P41634)~~ C. Jason Cardass
Attorney for Debtor
24100 Woodward Ave.
Pleasant Ridge, MI 48069-1140
248-584-2100
Email: bocecf@boclaw.com

Crystal Price-Buckley (P69921)
Trott Law, P.C.
Attorney for Creditor Ditech Financial LLC
31440 Northwestern Hwy Ste 200
Farmington Hills, MI 48334-5422
248.723.5040
Email: EasternECF@trottlaw.com

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>Michael Edward Turner<br>                Debtor.<br>_____/ | Chapter 13 No. 16-54310<br><br>Hon. Maria L. Oxholm |

## ORDER RESOLVING CREDITOR, DITECH FINANCIAL LLC'S OBJECTIONS TO CONFIRMATION AND RESOLVING THE EVIDENTIARY HEARING SCHEDULED FOR APRIL 11, 2017

NOW COMES Creditor, Ditech Financial LLC, by and through its attorneys Trott Law, P.C., with respect to the property located at 13288 Dwyer St., Hamtramck, MI 48212-2560, along with the Debtor(s), by and through their attorney:

**IT IS HEREBY STIPULATED TO THE ENTRY OF AN ORDER WITH THE FOLLOWING TERMS:**

1. Upon successful completion of the Debtor's Chapter 13 Plan and receipt of a Chapter 13 order of discharge under 11 U.S.C. §1328(a), the Mortgage, held by Ditech Financial LLC, dated November 3, 2005, and in the face amount of $57,000.00 on the Debtor's property commonly known as 13288 Dwyer St., Hamtramck, MI 48212-2560 that is recorded in Liber 43939, Page 1521 on December 9, 2005, with the Wayne County Register of Deeds shall be extinguished, terminated, and discharged.

    The legal description of the property the Mortgage encumbers is as follows:

    Situated in the City of Detroit, Wayne County, Michigan, described as: North 8 feet of Lot 26 and all of Lot 27, A. Meyers and Son Subdivision, according to the plat thereof as recorded in Liber 56, page(s) 83, of Plats, Wayne County Records.

2. That the Order Confirming Plan shall provide:

    a. That Creditor's claim will be treated as an allowed secured claim in the amount of $17,500.00 with 5.000% interest paid over 36 months. The remaining balance of Creditor's claim shall be treated as an allowed unsecured claim in the amount listed on the Creditor's Proof of Claim;

    b. Unsecured Creditors shall receive a dividend of the funds to be available for Class 9 General Unsecured Creditors;

3. That in the event that the Debtor(s) refinance the loan(s) on the subject property, or sells the subject property, prior to the completion of the Chapter 13 case and receipt of a Chapter 13 order of discharge under 11 U.S.C. §1328(a), pursuant to § 11 U.S.C. §1325(a)(5)(B), the Debtor shall pay the entire balance due on the mortgage in full at closing.

4. That in the event that the property is destroyed or damaged, that pursuant to the mortgage, Creditor is entitled to its full rights as a loss payee with respect to the insurance proceeds and has a security interest in such proceeds up to the entire balance due on the mortgage.

5. That in the event that the case is converted, the automatic stay is terminated, or the case is dismissed before completion of the plan and receipt of a Chapter 13 order of discharge under 11 U.S.C. §1328(a), pursuant to 11 U.S.C. §348(f)(1)(C) and 11 U.S.C. §349 Creditor retains its security interest until the full amount of the claim as determined under applicable non-bankruptcy law is paid in full.

6. Upon confirmation of the case, the loan will become non-escrowed and the Debtor(s) will hereby responsible for the payment of all taxes and insurance with respect the loan.

7. Upon confirmation, Creditor will no longer make any monthly insurance premium payments.

8. In the event that the Debtor(s) fails to maintain taxes or insurance during the life of the case, and Creditor is forced to advance funds on the Debtor's behalf, any advances, and any associated attorneys fees and costs attributable to the Debtor's default or failures shall not be subject to cram down treatment and shall be fully recoverable from the Debtor(s). Creditor may file a supplemental proof of claim for these advances and that claim shall be treated as fully secured and paid in full. As of April 7, 2017, Creditor has disbursed post petition amounts of $727.84 for Detroit City Taxes, as well as six monthly insurance payments, for which Creditor may file a supplemental proof of claim.

9. That in the event the Creditor, its successors or assigns, fails to execute and record documents that are required to release the Mortgage after successful completion of this Chapter 13 case, then Debtor(s) may record the Order entered pursuant to this stipulation along with the Order of Chapter 13 Discharge.

10. The Evidentiary Hearing currently scheduled to be heard April 11, 2017 at 10:00 a.m. is hereby resolved and removed from the Court's docket.